IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEPHEN H. SMALLWOOD, JR.,      ) | |
|                                    ) | |
|               Petitioner,         ) | |
|                                    ) | |
| v.                                      ) | Case No. CIV-05-1415-F |
|                                    ) | |
| JOSEPH SCIBANA,                  ) | |
|                                    ) | |
|               Respondent.       ) | |

## **REPORT AND RECOMMENDATION**

Petitioner Stephen Smallwood seeks habeas relief, and the Respondent moves for dismissal based on a failure to exhaust administrative remedies. The Court should deny the Respondent's motion.

## **Background**

After a hearing, authorities found Mr. Smallwood guilty on a disciplinary charge involving the use of narcotics.[1] Mr. Smallwood appealed, and the Regional Director ordered a rehearing. Petitioner's Brief in Support, Ex. 2(K); Respondent's Motion to Dismiss, Ex. 1 ¶ 8, Ex. 2 (Dec. 28, 2005). The rehearing is currently pending. *See* Petitioner's Motion and Rebuttal for Denial of Respondent's Motion to Dismiss at p. 3 (Jan. 23, 2006) ("Petitioner's Response"); Respondent's Motion to Dismiss, Ex. 1 ¶ 9 (Dec. 28, 2005).

---

[1] Petitioner's Memorandum of Law in Support of His 28 USC § 2241(c)(3) Motion for Release From Prison by Writ of Habeas Corpus, Exhibit 2 (Dec. 6, 2005) ("Petitioner's Brief in Support"); *see* 28 C.F.R., Subpt. B, Table 3 (2005).

The present action followed and the Petitioner alleges: (1) insufficient support for the disciplinary findings, and (2) procedural due process violations during the hearing. Petitioner's Brief in Support at pp. 4-10; Petitioner's Response at pp. 1-2.

### Exhaustion of Available Administrative Remedies

There is no express statutory exhaustion requirement in actions arising under Section 2241.[2]  *See Holman v. Booker*, 166 F.3d 347, 1998 WL 864018, Westlaw op. at 2 (10th Cir. Dec. 14, 1998) (unpublished op.) ("[Section] 2241 does not contain an explicit exhaustion requirement"). But federal common law requires federal prisoners to exhaust available administrative remedies before they can obtain habeas relief.[3]

Both parties agree that the Petitioner began the administrative process by appealing to the Regional Director. *See* Petitioner's Brief in Support, Ex. J, K; Respondent's Motion to Dismiss, Ex. 1 ¶ 6 (Dec. 28, 2005). The parties also agree that the Regional Director had ordered a rehearing which is currently pending. *See* Petitioner's Brief in Support, Ex. K;

---

[2]   The Respondent incorrectly relies in part on 42 U.S.C. § 1997e(a) (2000). Respondent's Motion to Dismiss at p. 3 (Dec. 28, 2005). This provision applies to actions involving "prison conditions." *See* Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) (2000). Section 2241 actions petitions do not involve "prison conditions," and Section 1997e(a) is inapplicable. *See Nguyen v. Booker*, 156 F.3d 1244, 1998 WL 568285 (10th Cir. Sept. 3, 1998) (unpublished op.) ("Petitioner's § 2241 petition does not fall within [the Prison Litigation Reform Act's] language barring suits challenging prison conditions before administrative remedies have been exhausted." (citing 42 U.S.C. § 1997e(a))).

[3]   *See*, *e.g.*, *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (*per curiam*) (a federal prisoner challenging a sentence computation by the Bureau of Prisons must exhaust administrative procedures before commencing an action under 28 U.S.C. § 2241); *Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981) (*per curiam*) ("Assuming [the asserted] claims are cognizable under a federal habeas corpus petition, petitioner must exhaust available administrative remedies before his challenge can be heard in federal court." (citations omitted)).

Petitioner's Response at p. 3; Respondent's Motion to Dismiss, Ex. 1 ¶¶ 7-9 (Dec. 28, 2005). The Respondent contends that the Petitioner can only exhaust administrative remedies once the rehearing has been decided. Respondent's Motion to Dismiss at p. 5 (Dec. 28, 2005). The Respondent's argument is invalid.

Exhaustion was complete once Mr. Smallwood obtained administrative relief through the order for a rehearing.[4] At that point, Mr. Smallwood had nothing more to gain through additional administrative appeals.

According to the Respondent, Mr. Smallwood can reinvoke the administrative processes if he is again convicted in the disciplinary hearing. But the habeas petition involves the disciplinary actions taken in the initial hearing rather than the rehearing. When Mr. Smallwood obtained a rehearing, he won all of the administrative relief that he could ever obtain for the initial disciplinary conviction. Nothing remains for Mr. Smallwood to exhaust, and the Court should deny the Respondent's motion.

## Notice of Right to Object

The parties may object to this report and recommendation. *See* 28 U.S.C. § 636(b)(1) (2000). Any such objection must be filed with the Court Clerk for the United States District Court. *See Haney v. Addison*, 175 F.3d 1217, 1219-20 (10th Cir. 1999). The deadline for

---

[4] *See Ross v. County*, 365 F.3d 1181, 1187 (10th Cir. 2004) ("Once a prisoner has won all the relief that is available under the institution's administrative procedures, his administrative remedies are exhausted."); *accord Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005) ("We conclude . . . that a prisoner need not press on to exhaust further levels of review once he has . . . received all 'available' remedies at an intermediate level of review . . . .").

objections is March 20, 2006.  *See* W.D. Okla. LCvR 72.1(a).  The failure to timely object to this report and recommendation would constitute a waiver of the parties' right to appellate review of the suggested ruling.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

**Status of the Referral**

The referral is terminated.  If the Court adopts the present recommendation, the undersigned would suggest a new referral for further proceedings.

Entered this 28th day of February, 2006.

_____
Robert E. Bacharach
United States Magistrate Judge