IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEPHEN H. SMALLWOOD, JR., | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV-05-1415-F |
| JOSEPH SCIBANA, | ) ) ) |
| Respondent. | ) ) |

## **REPORT AND RECOMMENDATION**

Petitioner Stephen Smallwood was convicted in disciplinary proceedings. After a successful disciplinary appeal, Mr. Smallwood was convicted a second time. He seeks habeas relief based on irregularities in the first disciplinary proceeding and the failure to timely conduct the rehearing. After the filing of the amended petition, however, the rehearing took place.[1] When it did, Mr. Smallwood's habeas claims became moot and the Court should dismiss the action accordingly.[2] *See Hayes v. Evans*, 70 F.3d 85, *passim* (10th Cir. 1995) (holding that a habeas petition was moot when a petitioner challenged the duration of a state appeal and, while the action was pending, the state appellate court reversed and he

---

[1] In a reply brief, Mr. Smallwood alleges that the rehearing was untimely and lacking in due process. Traverse to the Governments [sic] Response in Oppositions at p. 8 (June 2, 2006). When Mr. Smallwood filed the habeas petition, however, the rehearing had not taken place. *See supra* text accompanying note. Thus, the Court cannot construe the amended petition to cover perceived deficiencies in the rehearing.

[2] The Respondent urges nonexhaustion and the absence of a viable due process claim, but does not raise mootness. Nonetheless, the Court must address the issue *sua sponte* because it implicates the power to adjudicate the issues. *See Johnson v. Riveland*, 855 F.2d 1477, 1480 (10th Cir. 1988).

was again convicted); *Dubuc v. Oklahoma Court of Criminal Appeals*, 91 F.3d 159, 1996 WL 384547 (10th Cir. July 10, 1996) (unpublished op.) (holding that a habeas claim involving appellate delay became moot when the court ruled and reversed the conviction); *Anderson v. Evans*, 2006 WL 1049618 (W.D. Okla. Apr. 17, 2006) (unpublished op.) (holding that a habeas claim relating to disciplinary penalties was moot when authorities conducted a rehearing and imposed the same penalties).

The parties may object to this report and recommendation. *See* 28 U.S.C. § 636(b)(1) (2000). Any such objection must be filed with the Court Clerk for the United States District Court. *See Haney v. Addison*, 175 F.3d 1217, 1219-20 (10th Cir. 1999). The deadline for objections is July 5, 2006. *See* W.D. Okla. LCvR 72.1(a). The failure to timely object to this report and recommendation would constitute waiver of the parties' right to appellate review of the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The referral to the undersigned is terminated.

Entered this 15th day of June, 2006.

_Robert E. Bacharach_
Robert E. Bacharach
United States Magistrate Judge